# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| TANITA M. CAIN, ) | Case No. 13-04056-TOM-7 |
| ) | |
| Debtor. ) | |

## MEMORANDUM OPINION AND ORDER

This case came before the Court on May 8, 2014, for an evidentiary hearing on the Motion for Relief from Stay ("Motion") to pursue insurance coverage filed by Derrick and Cassandra Roseman. Appearing before the Court were Anthony Piazza, counsel for movants Derrick and Cassandra Roseman; and debtor Tanita Cain, *pro se*. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a) and the District Court's General Order Of Reference Dated July 16, 1984, As Amended July 17, 1984.[1] This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(G).[2] This Court has considered the pleadings, arguments of counsel, the testimony of Ms. Cain, and the law, and finds and concludes as follows.[3]

---

[1] The General Order of Reference Dated July 16, 1984, As Amended July 17, 1984 issued by the United States District Court for the Northern District of Alabama provides:

> The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

[2] 28 U.S.C. §157(b)(2)(A) and (G) provide as follows:

> (b)(2)Core proceedings include, but are not limited to–
> . . .
> (G) motions to terminate, annul, or modify the automatic stay[.]

[3] This Memorandum Opinion and Order constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to contested matters in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Bankruptcy

## FINDINGS OF FACT[4]

According to the Motion and Mr. Piazza's representations in open Court, his client, Derrick Roseman, was shot and seriously injured at a nightclub while he was attending a social event conducted by Ms. Cain either in an individual capacity or through her business, First Friday. Mr. Piazza contends that homeowners insurance policies may contain provisions covering injuries suffered by third parties away from the insured premises and therefore his clients[5] should be entitled to relief from the stay to pursue any such coverage that Ms. Cain should have. Mr. Piazza states that he has not seen a copy of Ms. Cain's homeowners insurance policy, although he sought to obtain a copy through discovery in the underlying state court litigation against Ms. Cain and other defendants but that Ms. Cain filed her bankruptcy case before he obtained discovery responses.

Ms. Cain testified that her business, First Friday, used to have a social networking event on the first Friday of every month. With regard to the event at which Mr. Roseman was injured, she testified that she had been asked to hold the event at the nightclub, and that she did not plan the event but just brought her friends there. According to Ms. Cain, First Friday is an Alabama corporation with its own business address and bank account, and although the corporation has not been dissolved, it is no longer active.

The Motion was first heard by the Court on March 27, 2014. Mr. Piazza appeared before the Court at the appointed time but Ms. Cain did not appear until after the Court had already ruled that

---

Procedure 9014.

[4] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files. *See ITT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. Unit B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

[5] In addition to Mr. Roseman's physical injury, the state court complaint attached to the Motion alleges that Mrs. Roseman suffered a loss of consortium.

relief was due to be granted. Later that day Ms. Cain filed a Motion to Reconsider which was heard on April 10, 2014. It was at that hearing that Mr. Piazza first disclosed to the Court that the type of insurance he sought to pursue was Ms. Cain's homeowners insurance policy and not a business liability policy or policy covering the premises where the incident occurred. The parties were informed that an evidentiary hearing would be set and Mr. Piazza was instructed that he should be prepared at the evidentiary hearing to provide sufficient evidence to convince the Court that his Motion should be granted. At the May 8, 2014 evidentiary hearing, Mr. Piazza did not call any witnesses aside from Ms. Cain, and did not present any case law, form homeowners insurance policies, or other evidence to support his Motion. He was given an additional 14 days to obtain a copy of Ms. Cain's homeowners insurance policy via third-party subpoena in the pending state court case and submit a brief in support of his position; however, nothing was filed or submitted to the Court.

## CONCLUSIONS OF LAW

The filing of a petition for relief under any chapter of the Bankruptcy Code operates as a stay of certain actions. 11 U.S.C. § 362(a). Typically, the actions stayed are actions by creditors to recover from the debtor, property of the debtor, or property of the estate for a debt that arose prior to the petition date. Also stayed is the continuation of judicial proceedings against the debtor that were commenced before the bankruptcy filing. 11 U.S.C. § 362(a)(1). A party in interest may obtain relief from this automatic stay under the provisions of 11 U.S.C. § 362(d). Subsection (1) of § 362(d) provides that the court shall grant relief from the stay upon a showing of "cause" including (but not limited to) the lack of adequate protection of an interest in property. Subsection (2) of § 362(d) provides that the court shall grant relief from the stay of an act against property of the debtor

3

or of the estate if the debtor does not have equity in the property and the property is not necessary to an effective reorganization. Since the Rosemans are only seeking relief to pursue insurance coverage, and not property of the debtor or the estate, subsection (2) is not applicable in this case. Subsection (3) of § 362(d) applies only in single asset commercial real estate cases and, therefore, is also not applicable in this case.

The movant must carry the initial burden of establishing a prima facie case for relief before the debtor is required to go forward with his or her proof. *Sonnax Industries, Inc., v. Tri Componetry Products Corp. (In re Sonnax Industries, Inc.)*, 907 F.2d 1280 (2nd Cir. 1990); *see also In re Marvin Johnson's Auto Service, Inc.*, 192 B.R. 1008 (Bankr. N.D. Ala. 1996). The debtor has the burden of proof on all other issues. 11 U.S.C. § 362(g)(2).

According to 11 U.S.C. § 362(d)(1), the court shall grant relief from the stay upon a showing of "cause" including the lack of adequate protection of movant's interest in property. Cause to lift the stay may also be found "when necessary to permit litigation to be concluded in another forum, particularly if the nonbankruptcy suit involved multiple parties or is ready for trial." 3 *Collier on Bankruptcy* ¶ 362.07[3] at 362-84 (Alan N. Resnick, et al., eds., 15th ed. rev. 2002). *See also In re Cummings*, 221 B.R. 814, 818 (Bankr. N.D. Ala. 1998). However, when determining whether stay relief should be granted on this basis, a bankruptcy court must also keep an eye on another pertinent issue - whether or not any debt resulting from the litigation will be dischargeable in the bankruptcy case. Even if relief from stay is granted to pursue litigation in another forum, any liability of the debtor resulting from the litigation will be discharged unless the debt falls within one of the exceptions to discharge. *See In re Salisbury*, 123 B.R. 913, 915 (Bankr. S.D. Ala. 1990) (recognizing that the Bankruptcy Court would have to determine dischargeability should state court litigation

4

against the debtor be successful); *see also Cummings*, 221 B.R. at 827 (holding that there was no reason to liquidate a debt in state court since the deadline for filing a complaint to determine dischargeability of the debt had expired).

The Rosemans are seeking to litigate in another forum only to the extent that Ms. Cain has homeowners insurance that would cover liability, if any, that Ms. Cain may have for Mr. Roseman's injury.[6] Homeowners insurance policies may provide coverage for injuries that occurred away from the insured's home. *See Crossett v. St. Louis Fire and Marine Ins. Co.*, 269 So. 2d 869 (Ala. 1972). However, such policies may exclude injuries arising from business pursuits. *See Woodall v. Alfa Mutual Ins. Co.*, 658 So. 2d 369 (Ala. 1995).

Mr. Piazza has not presented sufficient evidence for this Court to determine that cause exists to lift the automatic stay to allow his clients to pursue Ms. Cain's homeowners insurance coverage. His Motion does not reflect that he intends to pursue homeowners insurance coverage, nor does it reflect that he cannot be sure whether Ms. Cain even has the type of homeowners insurance policy that could provide any recovery for his clients. Moreover, Ms. Cain testified that her involvement in the social event at which Mr. Roseman was injured was through her business, First Friday. Even if Ms. Cain's homeowners insurance policy provides coverage for an injury occurring away from the insured home, the coverage could exclude injuries sustained while the insured homeowner was involved in business pursuits. Ms. Cain has filed this bankruptcy case to receive relief from debt

---

[6] At this point there is no reason for the Rosemans to obtain a judgment against and seek to collect from Ms. Cain herself because any claim that the Rosemans have against her will be discharged in this chapter 7 bankruptcy case. In order to keep a claim against Ms. Cain from getting discharged the Rosemans would have had to contest the dischargeability of the debt or contest Ms. Cain's entitlement to a discharge altogether. The deadline for doing so was December 6, 2013 and the Rosemans neither filed a complaint nor sought to extend the deadline before that time.

5

collection and other activities of her creditors. Speculation that Ms. Cain may have homeowners insurance coverage for injuries to third parties away from the insured premises without a business pursuits exclusion does not equate to sufficient cause to lift the automatic stay.

Mr. Piazza has argued that he could not get a copy of Ms. Cain's homeowners insurance policy because she filed her bankruptcy case before it was produced in the state court action. That action against Ms. Cain and other defendants was pending at the time Ms. Cain's bankruptcy case was filed on September 10, 2013. It is unclear why Mr. Piazza waited until February 27, 2014 to file his Motion, and did not disclose in the Motion that he hoped to pursue homeowners insurance coverage but did not have the policy. Nonetheless, Mr. Piazza has had ample time and opportunity to determine how to obtain production of Ms. Cain's policy to discover if coverage may exist.

At the hearing on Ms. Cain's motion to reconsider, Mr. Piazza was informed that at the evidentiary hearing he must present sufficient evidence to convince the Court that cause exists to grant relief from the stay. Mr. Piazza did not bring any witnesses, case law, form homeowners insurance policies, or other evidence to support his contention that his Motion should be granted. At the hearing Mr. Piazza was given an additional 14 days to obtain a copy of Ms. Cain's homeowners insurance policy through the pending state court case and submit a brief to this Court as to why the stay should be lifted but nothing has been filed or otherwise submitted.

This Court routinely grants motions for relief from stay in order for a creditor to pursue insurance coverage. However, this case does not present the scenario typically before this Court. Ms. Cain testified that her involvement in the event held at the nightclub on the night of the shooting was through her business, First Friday. There is no evidence through which this Court could conclude that Ms. Cain's homeowners insurance policy would provide coverage for an injury that

occurred somewhere other than her residence, much less that it would provide coverage while Ms. Cain was involved in business pursuits. Because Mr. Piazza has not met his burden of proof, this Court holds that cause for relief from the stay has not been established and therefore the Rosemans' Motion for Relief is due to be denied.

Therefore, it is **ORDERED, ADJUDGED, and DECREED** that the Motion for Relief from Stay is **DENIED**.

Dated: July 9, 2014

/s/ Tamara O. Mitchell
TAMARA O. MITCHELL
United States Bankruptcy Judge

TOM/dgm

xc: Tanita Cain
Anthony Piazza